UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 25-4135 |
| Case Name | Narvin Lichfield v. Netflix, Inc. and Katherine Kubler |
| Party or Parties Filing Notice of Appeal Or Petition | Narvin Lichfield |
| Appellee(s) or Respondent(s) | Netflix, Inc. and Katherine Kubler |
| List all prior or related appeals in this court with appropriate citation(s). | |

## I.   JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A.   APPEAL FROM DISTRICT COURT

1.   Date final judgment or order to be reviewed was **entered** on the district court docket: September 29, 2025

2.   Date notice of appeal was **filed:** October 23, 2025

3.   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days for civil appeals where no federal office or agency is a party.

   a.   Was the United States or an officer or an agency of the United States a party below? No

   b.   Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

    None

    b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

    No

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    N/A

    b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? N/A

    c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

6. Cross Appeals.

    a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

    None

    b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B.   REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

   1.   Date of the order to be reviewed: <u>None. There was no previous agency order to be reviewed.</u>

   2.   Date petition for review was filed: <u>None.</u>

   3.   Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: <u>N/A</u>

   4.   Specify the time limit for filing the petition (cite specific statutory section or other authority):  <u>N/A</u>

**C.   APPEAL OF TAX COURT DECISION**

   1.   Date of entry of decision appealed: <u>N/A</u>

   2.   Date notice of appeal was filed: <u>N/A</u>
        (If notice was filed by mail, attach proof of postmark.)

   3.   State the time limit for filing notice of appeal (cite specific statutory section or other authority): <u>N/A</u>

   4.   Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P.  13(a) <u>N/A</u>

## II.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

A.    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? <u>No</u>

B.    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? <u>N/A</u>

C.    Describe the sentence imposed. <u>N/A</u>

D.    Was the sentence imposed after a plea of guilty? <u>N/A</u>

E.    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? <u>N/A</u>

F.    Is the defendant on probation or at liberty pending appeal? <u>N/A</u>

G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? <u>N/A</u>

**NOTE:**    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

### III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

This case is a civil defamation and related tort action. Appellant Narvin Lichfield sued Appellees Katherine Kubler and Netflix, Inc., alleging that a Netflix documentary series defamed him and portrayed him in a false light, among other claims (including defamation *per se*, false light invasion of privacy, intentional infliction of emotional distress, and civil conspiracy). Lichfield sought compensatory damages and other appropriate relief for the harm to his reputation and emotional well-being. Appellees moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and also moved to strike or dismiss the claims under California's anti-SLAPP statute and Utah's Uniform Public Expression Protection Act. The district court (Hon. Jill N. Parrish) **granted the motion to dismiss** in its entirety, holding that the statements at issue were either true or constitutionally protected opinions and that the claims were barred by applicable law. The court dismissed all of Lichfield's claims with prejudice and entered final judgment in favor of the defendants on September 29, 2025. *(No injunction or other relief was awarded to Lichfield; the result below was a complete dismissal of his action.)*

### IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

Appellant anticipates raising the following issues on appeal:

1. **Error in Dismissal of Defamation Claims:** Whether the district court erred in dismissing Lichfield's defamation and defamation *per se* claims on the grounds that the statements in the Netflix series were non-actionable opinions or substantially true statements, and that no reasonable viewer would interpret those statements as defamatory assertions of fact about Lichfield.

2. **Error in Dismissal of False Light Claim:** Whether the district court erred in dismissing Lichfield's false light invasion of privacy claim for the same reasons it dismissed the defamation claims, including the court's determination that the challenged statements and implications were protected by the First Amendment and not actionable as a matter of law.

3. **Error in Dismissal of IIED Claim:** Whether the district court erred in dismissing Lichfield's claim for intentional infliction of emotional distress, by holding that Lichfield's attempt to recast allegedly defamatory statements as IIED was barred by First Amendment limitations (preventing an "end-run" around defamation standards) and that, in any event, the alleged conduct was not sufficiently outrageous to state an IIED claim as a matter of law.

4. **Error in Dismissal of Civil Conspiracy Claim:** Whether the district court erred in dismissing Lichfield's civil conspiracy claim, which was premised on the other tort claims, after dismissing all of the underlying tort claims. (This issue includes whether the conspiracy claim should survive if any of the underlying claims are reinstated on appeal.)

5. **Improper Application of Anti-SLAPP Statutes:** Whether the district court erred in granting Appellees' motion to strike or dismiss the claims under California's anti-SLAPP statute and/or Utah's Uniform Public Expression Protection Act (UPEPA), including whether the court applied the correct state's law and whether the court's rulings under those statutes (and any award of attorneys' fees or costs under those statutes) were in error.

## V.  ATTORNEY FILING DOCKETING STATEMENT:

Name: Michael K. Hepworth        Telephone: (801) 872-2222

Firm: Hepworth Legal

Email Address: michael@hepworthlegal.com

Address: 320 West 500 South, Suite 200, Bountiful, UT 84010

*/s/ Michael K. Hepworth*                              November 7, 2025

Signature                                                       Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, _____Michael K. Hepworth_____, hereby certify that on
[attorney for appellant/petitioner]

___November 7, 2025__, I served a copy of the foregoing **Docketing Statement**, to:
[date]

David W. Tufts and Ian D. Kinghorn, at Dentons Durham Jones & Pinegar P.C., 111 South Main Street, Suite 2400, Salt Lake City, UT 84111; Tel: (801) 415-3000; Email: david.tufts@dentons.com, ian.kinghorn@dentons.com, gregory.naron@dentons.com, and

Natalie J. Spears, Jacqueline A. Domenella, and Gregory R. Naron, at Dentons US LLP, 233 S. Wacker Dr. Ste. 5900, Chicago, IL 60606; Email: natalie.spears@dentons.com, jacqui.domenella@dentons.com, gregory.naron@dentons.com
[counsel for/or appellee/respondent], the last known address/email address, by

_____Electronic Filing Notification_____,
[state method of service]

/s/ Michael K. Hepworth_____
Signature

November 7, 2025_____
Date

Michael K. Hepworth
Hepworth Legal
320 West 500 South, Suite 200
Bountiful, UT 84010
Full name and address of attorney